**Qi Ming CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71203.

INS No. A77–234–207.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Qi Ming Chen, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal, and his request for relief under the United Nations Convention Against Torture ("Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Because the BIA conducted a de novo review of the IJ's decision, we review the decision of the BIA. *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). We review for substantial evidence the BIA's factual determinations, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Substantial evidence supports the BIA's conclusion that Chen failed to establish that he has a well-founded fear of persecution based on an enumerated ground. *See Li v. INS*, 92 F.3d 985, 987–88 (9th Cir. 1996).

Because Chen failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Substantial evidence supports the BIA's determination that Chen is not eligible for relief under the Convention. *Cf. Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir.2001).

Chen's motion for stay of removal pending the disposition of this petition for review is denied as moot.

Chen's motion to file a late reply brief is granted. The Clerk shall file the reply brief received on April 20, 2001.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.