Jin Ying LI, Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 94–70918.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1996.

Decided Aug. 19, 1996.

John D. Vandenberg, Littler, Mendelson, Fastiff & Tichy, Portland, Oregon, for petitioner.

James A. Hunolt, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: GOODWIN and BRUNETTI, Circuit Judges and KING,* District Judge.

GOODWIN, Circuit Judge.

Petitioner Jin Ying Li, a native and citizen of China, appeals the order of the Board of Immigration Appeals (the "BIA") denying his application for asylum and withholding of deportation. Petitioner claims that he was persecuted while in China and that he has a well-founded fear of persecution if he returns to China.

Petitioner was smuggled from the Fujian Province in China to the United States (Puerto Rico). Once in Puerto Rico, he was

---

* Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by desig-    nation.

detained by the Immigration and Naturalization Service (the "INS").

## I. *Past Persecution*

■ An alien seeking asylum based on past persecution must show that he was harmed on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See, e.g., Desir v. Ilchert,* 840 F.2d 723, 726–27 (9th Cir.1988); 8 U.S.C. § 1101(a)(42)(A). Persecution is the "infliction of suffering or harm upon those who differ ... in a way regarded as offensive." *Sagermark v. I.N.S.,* 767 F.2d 645, 649 (9th Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).

### A. Persecution Based on Social Group

■ Petitioner argues that he belonged to the social group of people with low economic status. This Court has defined a social group as

a collection of people closely affiliated with each other, who are actuated by some common impulse or interest. Of central concern is the existence of a voluntary associational relationship among the purported members, which impart some common characteristic that is fundamental to their identity as a member of that discrete social group.

*Sanchez–Trujillo v. I.N.S.,* 801 F.2d 1571, 1576 (9th Cir.1986). Populations whose only common characteristic is their low economic status do not form a social group for asylum purposes.

Even if persons in a disfavored economic status were considered a social group, nothing in the record proves that they, as Chinese citizens, were the targets of persecution (subjects of unreasonably high fines and extended detention) at the hands of the local authorities.

### B. Arrests as Acts of Persecution

■ Petitioner cited his arrest in relation to a fight at a restaurant. This arrest would not amount to persecution on account of political opinion or any other enumerated ground. At the most, it was an incident of corrupt police officials using their power to file false charges and take bribes.

■ The one incident of an arrest of a family member at a church may provide the basis for past persecution of petitioner's family on account of religion. Such past persecution creates a rebuttable presumption that the Petitioner has a well-founded fear of persecution if he is repatriated. *Singh v. Ilchert,* 69 F.3d 375, 378 (9th Cir.1995). However, that presumption is rebutted by Petitioner's own testimony that he and other residents of his village were able to attend church regularly in China up until the time that he left.

### C. Exclusion from High School as Persecution

■ Similarly, Petitioner's exclusion from high school does not provide the basis for past persecution because his exclusion was not on account of political opinion. *See Faddoul v. I.N.S.,* 37 F.3d 185, 189 (5th Cir.1994)("Education, although undeniably important, is a matter of governmental policy rather than a fundamental right."). Petitioner's suggestion that he was excluded from high school because his family was not communist is nothing more than speculation.

## II. *Well-founded Fear of Persecution*

■ In order to prove a well-founded fear of persecution, the applicant must show that a reasonable person in the same circumstances would fear persecution. *Elnager v. U.S.I.N.S.,* 930 F.2d 784, 786 (9th Cir.1991). A "well-founded fear" is both subjective and objective in that an alien must have a genuine fear of persecution and provide evidence that would support a reasonable fear of persecution. *Estrada–Posadas v. U.S.I.N.S.,* 924 F.2d 916, 918 (9th Cir.1991).

### A. Fear of the Smugglers

■ Petitioner's fear of punishment from unpaid smugglers does not amount to fear of persecution on any of the enumerated grounds. If the smugglers were to harm Petitioner upon his return to China it would be because of the money he owes to them, not because of political, religious or other

beliefs. Petitioner's argument that the punishment that awaits him is "persecution on account of social group by criminals which the government is unable or unwilling to control" is without merit. Even if the smugglers qualified as such a group, they are not persecuting Petitioner because of his membership in a particular social group; they are trying to collect on an illegally created contract.

### B. Fear of Punishment for Illegal Departure

 Petitioner fears that, as punishment for his illegal departure, he will face extended detention, exorbitant fines and torture at the hands of the local authorities. He argues that he will receive this punishment because his leaving China illegally will be equated with the expression of an anti-China political opinion. *See Singh*, 69 F.3d at 379 (recognizing the theory of imputed political opinion). He bases these fears on what has happened to a cousin and an acquaintance who were deported to China.

Criminal prosecution for illegal departure is generally not considered to be persecution. *See, e.g., Abedini v. U.S.I.N.S.*, 971 F.2d 188, 191 (9th Cir.1992)(punishment for using a false passport does not amount to persecution. The general rule is a country's restriction of travel abroad is not persecution); *Matter of Sibrun*, 18 I & N Dec. 354, 359 (BIA 1983)("possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure from Haiti does not demonstrate a likelihood of persecution under the Act."). The exception to this general rule applies where a petitioner can show that he will be subject to a disproportionately severe punishment on account of one of the five enumerated grounds. *Abedini*, 971 F.2d at 191. For example, Petitioner must establish that the exit control laws as applied to him "were especially unconscionable or were merely a pretext to persecute him for his beliefs or characteristics." *Id.*

Petitioner's anecdotes of severe punishment and torture for illegal departure were rebutted by the report provided by the Department of State Bureau of Human Rights and Humanitarian Affairs. The report, which documented the findings of a U.S. government delegation, stated that most people returned to the Fujian province in 1993 were released within three weeks of arrival after paying a fine. Most significantly, the report stated that for 118 illegal migrants who were repatriated from the United States to the Fujian province, there was no evidence of "any pattern of harassment or criminal imprisonment (other than detention for initial screening and a fine)." The report stated that, in addition to fines, the criminal code provides for up to one year of imprisonment for violating the exit control laws, but there were no reports of repeat illegal emigrants being sentenced to criminal imprisonment.[1]

Petitioner has not demonstrated that the punishment for illegal departure would be a pretext to persecute him for his political opinion. From the record, it appears that any punishment that awaits Petitioner upon his return to China would be the same punishment that awaits other illegal emigrants. To accept Petitioner's argument on this point would effectively open our borders to unlimited immigration.

### CONCLUSION

Petitioner has neither proven past persecution nor established a well-founded fear of persecution if he returns to China. Substantial evidence supported the decision of the BIA. The Petition is

DENIED.

---

**1.** The report conceded that it is not clear what happens to those returnees who are unable to pay the fine.