107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Santos Isabel YAQUE-MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aic-ssf-voy.
 B.I.A.
 REVIEW DENIED.
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Santos Isabel Yaque-Martinez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") order that denied his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition.
 
 
 3
 Yaque-Martinez contends that the BIA's decision finding that he failed to demonstrate a well-founded fear and clear probability of persecution is not supported by substantial evidence. This contention lacks merit.[1]
 
 
 4
 We review for substantial evidence the BIA's factual findings underlying its decision finding that an applicant's fear of future persecution is not well-founded, reversing only if the record evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution existed. See Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).
 
 
 5
 Applicants seeking asylum based upon a well-founded fear of future persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion must demonstrate that their fear is genuine and reasonable. See id. at 1393-94; see also Li v. INS, 92 F.3d 985, 987 (9th Cir.1996).
 
 
 6
 Here, substantial evidence in the record supports the BIA's determination that Yaque-Martinez's fear of future persecution was not well-founded. See Aruta, 80 F.3d at 1395-96; Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). Yaque-Martinez testified that, in January 1989, guerrillas abducted and held him in their compound for three days. He testified that the guerrillas sought information concerning a specific military base because they knew that he once served in the military reserves. Yaque-Martinez testified that the guerrillas threatened him because they wanted him to stop his political activities in the Christian Democracy organization. However, Yaque-Martinez did not indicate that the guerrillas ever physically harmed or mistreated him during his detention, or that they physically restrained him to prevent escape. In fact, Yaque-Martinez testified that he escaped one night from his unguarded room after the guerrillas fell asleep. Yaque-Martinez also testified that, following his 1989 escape, he remained in Guatemala until June 1994 and that, during that time, he did not encounter the guerrillas again. Nevertheless, Yaque-Martinez averred to the IJ and BIA that his fear of future persecution was well-founded. Yaque-Martinez, however, only offered his unsubstantiated apprehension of future persecution to support this assertion. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) (stating that petitioner's unsubstantiated fear of persecution does not establish that his fear is well-founded). In sum, Yaque-Martinez offered no evidence to demonstrate that, following his 1989 abduction and escape, the guerrillas were still interested in him. See Prasad, 47 F.3d at 339.
 
 
 7
 Upon our review of the record, we conclude that the evidence would not compel a reasonable factfinder to conclude that Yaque-Martinez had established the requisite fear of persecution. See Aruta, 80 F.3d at 1395-96. Accordingly, we conclude that substantial evidence supports the BIA's decision finding that Yaque-Martinez's fear of future persecution was not well-founded. See id.; Prasad, 47 F.3d at 340.
 
 
 8
 Because Yaque-Martinez failed to meet the lower eligibility standard required to obtain asylum, we conclude that he was not entitled to withholding of deportation. See Aruta, 80 F.3d at 1396; Prasad, 47 F.3d at 340.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address whether the BIA properly concluded that Yaque-Martinez failed to demonstrate past persecution because Yaque-Martinez has not raised this issue in his petition for review. See Fed.R.App.P. 28(a)(6); cf. Meehan v. County of Los Angeles, 856 F.2d 102, 105-06 n. 1 (9th Cir.1988)