108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nelson E. ZAMBRANA-CUADRA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 13, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ait-qgw-zdm.
 B.I.A.
 REVIEW DENIED.
 Before: GOODWIN, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nelson E. Zambrana-Cuadra, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his request for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Zambrana-Cuadra contends that the BIA's decision that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence because: (1) he is a Jehovah's Witness who was prevented from practicing his religion by the Sandinistas; (2) he was harassed by the Sandinistas because of his and his family's refusal to participate in various government-sponsored activities; and (3) he was denied educational and economic opportunities because of his refusal to join the Sandinistas.
 
 
 4
 To qualify for asylum, Zambrana-Cuadra must demonstrate that he has suffered past persecution, or that he has a well-founded fear of persecution in Nicaragua on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Zambrana-Cuadra must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (internal quotation and citation omitted). To qualify for withholding of deportation, Zambrana-Cuadra must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h); Acewicz, 984 F.2d at 1062.
 
 
 5
 Here, substantial evidence supports the BIA's determination that Zambrana-Cuadra's treatment by the Sandinistas did not rise to the level of past persecution. See Prasad, 47 F.3d at 339. First, the evidence presented by Zambrana-Cuadra regarding decreased educational and employment opportunities shows, at most, that he suffered some economic discrimination based upon his political opinions. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984) (finding that confiscation of alien's food ration card did not amount to persecution); Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982) (holding that asylum claim requires more than "generalized economic disadvantage").
 
 
 6
 Next, Zambrana-Cuadra's testimony that the Sandinistas prevented him from practicing his religion could support a finding that he was persecuted because of his religious beliefs, thereby raising a rebuttable presumption that he has a well-founded fear of persecution. See Li v. INS, 92 F.3d 985, 987 (9th Cir.1996). That presumption is rebutted, however, by evidence in the record that Jehovah's Witnesses are no longer persecuted in Nicaragua. See id.
 
 
 7
 Substantial evidence also supports the BIA's finding that Zambrana-Cuadra lacked an objectively reasonable, well-founded fear of future persecution. See Kazlauskas, 46 F.3d at 906. As the BIA noted, Zambrana-Cuadra failed to submit evidence to contradict the State Department's advisory opinion which states that since 1990, when a democratically elected government replaced the Sandinistas, there has been no government-inspired mistreatment of Jehovah's Witnesses. See Kazlauskas, 46 F.3d at 906 n. 3 (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Furthermore, because Zambrana-Cuadra submitted no evidence that Jehovah's Witnesses are still being persecuted by the Sandinistas, his assertion that the Sandinistas still have control in Nicaragua is insufficient to show that he would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994).
 
 
 8
 In addition, Zambrana-Cuadra failed to establish that his brother's anti-Sandinista political opinions were imputed to him by the Sandinistas. See Prasad, 47 F.3d at 340 (holding that attacks on family members do not establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioner); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (same).
 
 
 9
 Thus, given the evidence presented, we cannot say that a reasonable factfinder would be compelled to conclude that Zambrana-Cuadra had a well-founded fear of persecution. See Aruta v. INS, 80 F.3d 1389, 1395-96 (9th Cir.1996). Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 10
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Aruta, 80 F.3d at 1396.
 
 PETITION FOR REVIEW DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Zambrana-Cuadra has not prevailed on appeal, his request for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is denied. See Prasad, 47 F.3d at 340-41