129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo S. BASCO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71045.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, San Francisco, California, I & NS No. Adj-esp-bel.
 Before WOOD,*** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reynaldo S. Basco, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision finding him deportable as charged for remaining in the United States longer than permitted and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158 and 1253(h), respectively. We have jurisdiction to hear this appeal under 8 U.S.C. § 1252(a)(1) (1996), and we deny the petition for review.
 
 
 3
 * Basco argues that substantial evidence does not support the BIA's holding that he failed to establish past or a well-founded fear of future persecution on account of political opinion and/or membership in a particular social group. We disagree.
 
 
 4
 * The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). We review for legal error the determination of the BIA that Basco was not eligible for asylum, but "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B) (1996). We will reverse only if the evidence "presented was sc compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 B
 
 5
 Basco submits that his version of what happened to him in the Philippines was plausible, coherent, detailed, and consistent. We disagree that the immigration judge (whose decision was adopted by the BIA) could not find that Basco's testimony was incredible in light of the numerous differences the judge found between statements that Basco made in his asylum application and supporting declaration and what he said in the deportation proceeding. Most credibility issues having been resolved against him, Basco failed to establish past persecution, or a well-founded fear of future persecution, on account of political opinion, or membership in a particular social group. See INS v. Elias-Zacarias, 502 U.S. 478 (1992).
 
 
 6
 "[A]n applicant can establish his political opinion on the basis of his own affirmative political views, his political neutrality, or a political opinion imputed to him by his persecutors." Sangha v. INS, 103 F.3d 1482, 1488 (9th Cir.1997).
 
 
 7
 At most the evidence shows that Basco, like many others in the Philippines, was asked to pay a revolutionary tax by the NPA and didn't. While the military conducted an operation against the NPA in the area where Basco lived, there is no substantial evidence that the NPA thought he had told the military of its presence or did so because he was opposed to its views. Receipt of a threatening letter with the symbol of an arm and sickle on it does not indicate that the NPA imputed an anti-communist ideology to Basco. Accordingly, substantial evidence supports the BIA's finding that Basco failed to show any persecution on account of his political beliefs. Id. at 1490.
 
 C
 
 8
 Nor does Basco's status as a wealthy individual demonstrate that the NPA's extortion demands and threats constituted persecution on account of a group that is cognizable under the Act. Persecution on the account of wealth, without more, does not constitute persecution on account of membership in a particular social group. See Li v. INS, 92 F.3d 985, 987 (9th Cir.1996) (holding that "[p]opulations whose only common characteristic is their low economic status do not form a social group for asylum purposes"). This criteria is not based on a common, immutable characteristic, i.e., a characteristic that either is beyond the power of the individual members to change or is so fundamental to their identities or consciences that it ought not be required to be changed. Sanchez-Trujillo v. INS, 801 F.2d 1571 (9th Cir.1986). In any event, the record does not show that Basco was targeted for a tax assessment or was threatened because of his group membership.
 
 
 9
 As the evidence is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," Elias-Zacarias, 502 U.S. at 483-84, we uphold the BIA's determination that Basco was not persecuted on account of imputed political opinion or group membership and lacks a well-founded fear of future persecution.
 
 
 10
 Since Basco failed to meet the lower burden of proof required for asylum, he necessarily failed to satisfy the clear probability standard of eligibility required for withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 
 11
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3