139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vicente Elesterio FEBRERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70540.
INS No. Asp-ryg-ktm.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vicente Elesterio Febrero, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We review for legal error the BIA's determination that Febrero was not eligible for asylum, and we review factual determinations for substantial evidence. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition for review.
 
 
 3
 The BIA's determination that Febrero failed to establish past persecution or a well-founded fear of future persecution in the Philippines on account of one of the statutory grounds was supported by substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Sangha, 103 F.3d at 1486-87, 1490-91. In addition, Febrero did not establish a well-founded fear of persecution on account of his socioeconomic class status as a wealthy businessman. See Li v. INS, 92 F.3d 985, 987 (9th Cir.1996); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1574-77 (9th Cir.1986).
 
 
 4
 Because Febrero failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1428-29 (9th Cir.1995).
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)