Enaiatolah **EFTEKHARY**, Petitioner,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 02–72654.
Agency No. A29–281–868.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Oct. 17, 2003.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

James R. Patterson, Attorney At Law, San Diego, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, CAS-District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Linda S. Wendtland, Esq., DOJ–U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Petitioner Eftekhary seeks review of a Board of Immigration Appeals (Board) order denying his motion to reopen his deportation proceedings. Eftekhary contends in his petition that the Board abused its discretion by denying his motion despite new evidence of changed country conditions in Iran, by declining to exercise its *sua sponte* power to reopen, and by refusing to reopen under the Convention on Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Torture Convention), June 26, 1987, 1465 U.N.T.S. 85 (1988). Except as otherwise provided, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *as amended by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309(c), and we deny the petition for review.

█ The Board did not abuse its discretion by determining that Eftekhary's motion did not furnish new evidence of changed country conditions sufficient to

satisfy 8 C.F.R. § 3.2(c)(3)(ii). Under section 3.2(c), new evidence of changed country conditions only justifies reopening deportation proceedings if Eftekhary can establish a prima facie case for asylum. *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Fear of criminal prosecution does not constitute a prima facie case for asylum unless the record shows that prosecution will likely result in "disproportionately severe punishment." *Li v. INS*, 92 F.3d 985, 988 (9th Cir.1996).

Eftekhary submits as new evidence the *2001 State Department Country Report for Human Rights Practices for Iran* (*Country Report*), available at http://www.state.gov/g/drl/rls/hrrpt/2001/nea/8251.htm, and an Iranian newspaper article. The *Country Report* does not support a prima facie case for asylum and withholding of deportation because it merely indicates that Iranian citizens returning from abroad are "subject to search and extensive questioning by government authorities for evidence of regime activities abroad." *Id.* Government officials may search and question returning nationals without committing politically motivated "persecution" for purposes of the Immigration and Nationalization Act.

Eftekhary's newspaper article reports that Iranian authorities executed an Iranian national after he confessed that he "returned to Iran ... under the direction of the CIA to commit treason and espionage." *Siavash Bayani Is Executed for Spying for America*, SALAAM NEWSPAPER, Sept. 2, 1997. This text does not compel the conclusion that Iranian authorities would bring espionage charges or impose capital

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

punishment simply because Eftekhary deserted the military, departed the country illegally, and spent considerable time abroad. Eftekhary's new evidence does not demonstrate that the Board's decision to deny his motion was "arbitrary, irrational, or contrary to law." *Watkins v. INS*, 63 F.3d 844, 847 (9th Cir.1995).

We lack jurisdiction to review the Board's decision not to exercise its *sua sponte* power to reopen. *Ekimian v. INS*, 303 F.3d 1153, 1157–58 (9th Cir.2002). Whether a particular case presents "exceptional circumstances" to justify reopening *sua sponte* is a question committed wholly to the Board's discretion. *Id.*

Eftekhary does not qualify for reopening under the Torture Convention because he filed his motion after the June 21, 1999 deadline, 8 C.F.R. § 208.18(b)(2)(1), and because he has not shown that his "ignorance of the limitations period was caused by circumstances beyond [his] control." *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (outlining the requirements for equitable tolling). The record suggests that Eftekhary's ignorance of the limitations period was attributable entirely to his own negligence, in that he failed to update his address of record with the Board. Given these undisputed facts, the Board did not abuse its discretion by concluding that Eftekhary was not eligible for relief under the Torture Convention.

PETITION DENIED.