### Wei ZHOU, Petitioner,

v.

### John ASHCROFT, Attorney General, Respondent.

### No. 02–72591.

### Agency No. A76–676–130.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.\*

Decided Aug. 19, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM \*\*

Wei Zhou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the inconsistencies between petitioner's testimony and the medical certificate she presented to the IJ relate to the nature and extent of the conduct that she claims amounted to persecution, and went to the heart of her asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Even assuming petitioner credible, substantial evidence also supports the IJ's determination that the events petitioner described did not amount to past persecution, nor did they establish a well-founded fear of future persecution. *See Li v. INS*, 92 F.3d 985, 987–988 (9th Cir.1996) (recognizing that neither criminal extortion nor low economic status amounts to persecution).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Because petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the