Jin Ming **CHEN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71530.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.[*]

Decided Aug. 20, 2004.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael G. Ballnik, Esq., Cozen O'Connor, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Leonard Schaitman, Esq., Steve Frank, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Jin Ming Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that Chen filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004), and we deny in part, and grant in part the petition for review.

Although certain of the IJ's findings—such as the likely behavior of Chinese family planning officials, and the availability of certain corroborating documents—were based on "speculation about what she imagined the Chinese authorities would and would not do under certain circumstances," *id.* at 1125, the evidence does not "compel" a contrary finding. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Chen's failure to provide corroborating evidence regarding the altercation between him and the family planning officials who came to his home, and his failure to provide evidence that the Chinese police were looking for him undermines his credibility. Although there is no absolute requirement that an alien provide corroboration, where "the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000).

Even if we were to take Petitioner's testimony as true, we would still find that substantial evidence supports the IJ's alternative finding that Chen's one altercation with family planning officials does not rise to the level of persecution on account of his "resistance to a coercive population control program." *See* 8 U.S.C.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1101(a)(42); *see also Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that a single police encounter does not constitute persecution). Substantial evidence in the record also supports the IJ's conclusion that Petitioner's fear of future persecution is not objectively reasonable because any punishment he would face upon returning to China, whether on the basis of his illegal departure or for his altercation with family planning officials, would be on account of a legitimate prosecution rather than a pretext for political persecution. *See Li v. INS,* 92 F.3d 985, 988 (9th Cir.1996).

Because Petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Furthermore, Petitioner is not eligible for relief under the CAT because he failed to show that "it is more likely than not" that he would be tortured if removed to China. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003).

■ However, because we conclude that Chen did not seek to support his application with intentionally false statements, we reverse her finding that Chen filed a frivolous asylum application. *See Farah,* 348 F.3d at 1157–58. Chen's petition for review is granted as to the finding that his application was frivolous, but in all other respects, his petition is denied.

**PETITION FOR REVIEW GRANTED in part, DENIED in part, and REMANDED.**