

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2004

# Zhang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zhang v. Atty Gen USA" (2004). *2004 Decisions.* Paper 328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3644

BEN BIN ZHANG,
                                                    Petitioner
                              v.

JOHN ASHCROFT, Attorney General
United States of America,
                                                    Respondent
                    _____

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

(BIA No. A79-297-661 )
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 21, 2004
Before:   McKEE, ROSENN, and WEIS, Circuit Judges.

(Filed:    September 27, 2004)
_____

OPINION
_____

WEIS, Circuit Judge.

          Petitioner is a native and citizen of the Peoples Republic of China.  He was

smuggled into this country in January 1999 and removal proceedings commenced on

1

March 20, 2001. After a hearing, an Immigration Judge (IJ) found petitioner not credible and on the merits rejected his claims for asylum and protection under Article 3 of the United Nations' Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment. See 8 C.F.R. §§ 208.16, 208.18. The Board of Immigration Appeals affirmed on August 21, 2003.

Petitioner appeals the ruling based on the Convention Against Torture, conceding that his claim for asylum was barred as untimely pursuant to the one-year limitation.

Petitioner testified that in 1996 he became involved in an altercation when he protested the authorities' action in forcing his aunt to have an abortion. He was beaten and confined for one day. In addition, he was penalized by being denied the right to attend school and was threatened with being summoned for further interrogation. Petitioner then went into hiding for the next three years. He asserts that authorities came to his mother's home and asked about his whereabouts on numerous occasions.

Petitioner fears that if he is removed to China he will be imprisoned and abused. He relies on Chang v. INS, 119 F.3d 1055 (3d Cir. 1997) to support his claim. This case is distinguishable because there a breach of China's state security laws was involved. Rather, we conclude that the situation here is similar and more akin to that in Li v. INS, 92 F.3d 985 (9th Cir. 1996). Here, the petitioner's confrontation with local authorities does not appear likely to cause him, on his return, to be singled out for

2

brutality, either physical or economic.

We are not persuaded that the IJ's findings of credibility lack substance in the record. Our review of the transcript does not establish that the petitioner has met his burden of showing that the findings were incorrect.

Accordingly, the petition for review will be denied.