

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2004

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lin v. Atty Gen USA" (2004). *2004 Decisions.* Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2790

———

YU LIN,
           Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States,
           Respondent

———

On Appeal from the
IMMIGRATION AND NATURALIZATION SERVICE
(No.A76-968-103)

———

Argued October 28, 2004
Before: NYGAARD, AMBRO, and GARTH, <u>Circuit Judges</u>.

(Filed November 23, 2004)

H. Raymond Fasano, Esq. (Argued)
Madeo & Fasano
299 Broadway, Suite 810
New York, NY 10007
           <u>Counsel for Petitioner</u>

Jeffrey A. Wadsworth, Esq. (Argued)
United States Department of Justice, Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Douglas E. Ginsburg, Esq.
Allen W. Hausman, Esq.

Lyle D. Jentzer, Esq.
Andrew Eschen, Esq.
United States Department of Justice
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, DC 20004
        Counsel for Respondent

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Petitioner, Yu Lin[1], seeks review of the Board of Immigration Appeals' decision denying her request for asylum. Lin claims that if repatriated to China she would face "reeducation through labor" for violating China's exit policy. The BIA, however, found that Petitioner failed to establish past persecution or a well-founded fear of future persecution, and thus denied asylum. It found that Lin failed to show a clear probability of persecution in the People's Republic of China based on one of the five protected statutory grounds of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1158, 1253(h). The BIA also noted that Petitioner did not establish that China's exit policy constitutes punishment for invidious reasons rather than a mere law of general applicability.

_____

[1]We note that Petitioner and Respondent state, in their briefs, that Petitioners's name is "Yu Lin." The Office of the Clerk, however, listed Petitioner's name as "Lu Lin." For clarity, we will call Petitioner "Yu Lin."

2

On appeal, Petitioner claims that the BIA erred by failing to analyze whether her action of illegally departing China constitutes "political opinion." Petitioner also claims that she is a member of a particular social group, namely Chinese citizens who have been repatriated after entering the United States illegally.

We have jurisdiction to review a final order by the Board pursuant to 8 U.S.C. § 1252. The decision of the BIA must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *See INS v. Elias-Zacharias*, 502 U.S. 478, 481 (1992). A BIA decision may only be reversed if the evidence presented by Petitioner is such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed. *See Elias-Zacharias*, 502 U.S. at 481; *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939). For the reasons set forth below, we deny the petition for review.

Petitioner failed to establish that China's exit policy amounts to persecution, rather than merely a law of general applicability. *See Chanco v. INS*, 82 F.3d 298, 300 (9th Cir. 1996) ("If the anticipated punishment is in conformity with the general law of the country concerned, fear of such prosecution will not itself make the applicant a refugee, even if the prosecution pertains to a punishable act committed out of political motive."). Generally, a country's restriction on travel abroad is not persecution. *See Li v. INS*, 92 F.3d 985, 988 (9th Cir. 1996). Likewise, the possibility of future prosecution for violating travel laws is not persecution. *See Janusiak v. INS*, 947 F.2d 46, 49 (3d Cir. 1992). Lin has not shown that

3

any punishment she would receive would rise to the level of severity necessary to constitute persecution as provided by the exception in *Chang v. INS*, 119 F.3d 1055 (3d Cir. 1997). Therefore, in Lin's case, China's exit policy does not provide her with a basis for asylum.

Furthermore, Petitioner's claimed social group does not constitute a protected class. Petitioner claims that she is a member of a "social group" that is composed of Chinese citizens that have been repatriated after entering the United States illegally. For purposes of asylum proceedings, an alleged social group cannot be created by the alleged underlying persecution; the social group must exist independently of the persecution (and before the persecution) suffered by the applicant for asylum. *See Lukwago v. Ashcroft*, 329 F.3d 157, 171-172 (3d Cir. 2003). Accordingly, Petitioner failed to identify herself as being within a "particular social group" that is subject to persecution and therefore is not entitled to asylum.

We will deny Petitioner's petition for review.