

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Gao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gao v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2266

———

YU GAO

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A77-341-025
(Honorable Alberto J. Riefkohl, Immigration Judge)

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 30, 2006

Before: MCKEE, VAN ANTWERPEN, and SILER*, <u>Circuit Judges</u>.

(Filed: February 16, 2006)

———

OPINION OF THE COURT

———

_____

* Honorable Eugene E. Siler, Jr., Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

VAN ANTWERPEN, <u>Circuit Judge</u>.

Petitioner Yu Gao, a native and citizen of China, seeks review of the April 15, 2004, Order of the Board of Immigration Appeals ("BIA") that affirmed without opinion the Immigration Judge's ("IJ") denial of her applications for relief. We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1), and for the reasons set forth below, we will deny the petition.

## I.

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis. Gao entered the United States on or about October 13, 2000, at which time she was 17 years old. The Immigration and Nationalization Service initiated removal proceedings against her on October 14, 2000, charging her with being a likely public charge and with entering the United States without valid entry documents, in violation of 8 U.S.C. §§ 1182(a)(4)(A) and (a)(7)(A)(i)(I). Gao conceded her removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture.

The IJ held an evidentiary hearing on April 12, 2002. At that hearing, Gao testified that she had been harassed at school because her parents had violated China's family planning policy.[1] When asked about the specific events that constituted this discrimination,

---

[1] Gao testified that after her mother had an IUD inserted in accordance with China's population control policies, the IUD fell out and she became pregnant with Gao's younger sister. After the subsequent birth of Gao's younger brother (the family's third child), her father underwent a sterilization procedure.

2

Gao stated that she lacked friends because her classmates did not like her and that her teacher did not care about her school work. As a result, she "just felt like I didn't have any hope there, and I didn't have any freedom. I just received unfair treatment."

Gao claimed that the Chinese government took some action against her parents for their violation of the nation's population control policies. See IJ Op. at *3. Although she was not married and had never been pregnant, she testified that she thought she would suffer the same or worse fate as her mother if she were returned to China. Gao also testified that she feared being punished if returned to China because she had illegally left the country.

In a written opinion issued after the hearing, the IJ denied Gao's applications for relief. The IJ found that Gao was not married, had never been pregnant, and had presented no evidence that she was an activist who was opposed to China's birth control policies or had ever tried to "stop or derail" the actions taken against her parents. IJ Op. at *3. The IJ also concluded that Gao's fear of punishment if returned to China after violating that country's immigration laws was not a basis for relief. Id. at *3-4. The BIA affirmed the IJ without opinion on April 15, 2004.

## II.

Where, as here, the BIA affirmed the IJ without opinion, this Court reviews the IJ's opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir.2003) (en banc). Pursuant to 8 U.S.C. § 1252(b)(4)(B), "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Determinations that an alien

3

experienced persecution or has a well-founded fear of persecution are findings of fact reviewed under the substantial evidence standard. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (holding that agency's finding "must be upheld unless the evidence not only supports a contrary conclusion, but compels it"). Under this standard, we will uphold the agency's findings of fact to the extent that they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (citations omitted).

### III.

Although the IJ denied Gao's applications for asylum, witholding of removal, and relief under the Convention Against Torture, on appeal Gao challenges only the denial of her asylum application. See Pet. Br. at 2. To establish an asylum claim, an applicant must show either past persecution or a well-founded fear of future persecution on account of, *inter alia*, political opinion. 8 U.S.C. § 1101(a)(42)(A). The applicant must establish a credible "subjective fear of persecution that is supported by objective evidence that persecution is a reasonable probability." Abdille, 242 F.3d at 495-96.

A review of the record reveals that the IJ's denial of Gao's asylum application was supported by substantial evidence. First, Gao presented no evidence that she was harassed at school because of her own or some imputed political opinion regarding China's family planning policy (which would be a statutory basis for asylum relief) and not simply on account of her parents' failure to comply with China's population control policies.

4

Accordingly, her failure to present evidence that she was singled out on an enumerated ground undercuts her asylum claim. See Wang v. Gonzales, 405 F.3d 134, 142 (3d Cir. 2005) (observing that alleged persecution suffered by alien's parents was not dispositive of alien's asylum claim because "*Wang* must have suffered from persecution and the persecution must have been 'on account of' one of the five statutory bases for granting relief") (emphasis in original).

Further, persecution is "extreme conduct," Voci v. Gonzales, 409 F.3d 607, 614 (3d Cir. 2005), and "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). With this standard in mind, we are not compelled to disagree with the IJ's determination that the verbal harassment Gao encountered at her school did not rise to the level of persecution. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (a finding of persecution requires more than isolated incidents of verbal harassment or intimidation).

Substantial evidence also supports the IJ's determination that Gao's claim that she might experience punishment if returned to China for her violation of that nation's immigration law did not establish a well-founded fear of persecution. An alien's fear of prosecution for violations of generally applicable laws does not by itself qualify them as eligible for asylum, Chang v. INS, 119 F.3d 1055, 1060 (3d Cir. 1997), and a country's restriction on travel is not generally considered persecution. Li v. INS, 92 F.3d 985, 988 (9th Cir. 1996). Although relief is available to aliens who are punished for violating a

generally applicable law when that punishment is on account of one of the enumerated grounds and is so severe as to constitute persecution, see Chang, 119 F.3d at 1060-61, Gao presented no evidence that the punishment she might face for her violation of China's immigration law would be on account of any of the enumerated grounds or that the punishment would be so severe as to rise to the level of persecution. See id.

Finally, Gao argues – without much elaboration – that she has a well-founded fear of future persecution if returned to China because she wants to have more than one child and will be subject to forced birth control measures if returned to China. Pet. Br. at 6. Although Gao may intend generally to have children in the future, it is not certain that she will actually do so, and a general intent to have children in the future does not establish a well-founded fear of future persecution. See S-Cheng v. Ashcroft, 380 F.3d 320, 323 (8th Cir. 2004) (alien's "general plans to have more children" too speculative to support well-founded fear of persecution); see also Li v. Gonzales, 151 Fed. App'x 137, at 140-41 (3d Cir. 2005) (unpublished opinion) (same).

## IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we conclude that substantial evidence supports the IJ's denial of Gao's asylum petition and will deny the

petition for review.[2]

---

[2]We would be remiss if we did not mention our concern with the IJ's cursory opinion in this case and the BIA's decision to affirm that lean decision without an opinion of its own. But notwithstanding the IJ's spare legal analysis, we are nevertheless persuaded that the ultimate conclusion was supported by substantial evidence. See Cao He Lin v. United States Department of Justice, 428 F.3d 391, 401-02 (2d Cir. 2005) (observing that remand not required if it would be an "idle and useless formality"); see also Santhalingam v. Ashcroft, 71 Fed. App'x 911, at *4 (3d Cir. 2003) (unpublished opinion) (affirming IJ's finding that alien lacked fear of future persecution despite IJ's "sparse" reasoning when there was only "scant" evidence in the record of such fear).