**XIAOGANG LIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72394.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

Thomas J. Tarigo, Esquire, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Joseph O. Johns, Esquire, Office of the U.S. Attorney, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Xiaogang Liang, a native and citizen of China, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's denial of asylum because Liang's five day detention and being hit and slapped did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Furthermore, substantial evidence supports the conclusion that Liang has not established a well-founded fear of persecution if he returns to China. *See Nagoulko,* 333 F.3d at 1018; *see also Li v. INS,* 92 F.3d 985, 988 (9th Cir.1996) (stating that fear of prosecution for illegal departure does not establish a well-founded fear of persecution). Accordingly, Liang's asylum claim fails.

Because Liang failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**