**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN CHEN,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>    Respondent. | No. 06-75191<br><br>Agency No. A098-741-107<br><br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:  FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

 Yan Chen, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

PR/Research

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the BIA's determination that the family planning officials' attempts to arrest Chen for trying to marry while under the legal age did not establish past persecution, *see id.* at 1016, and she did not demonstrate an objectively reasonable fear of future persecution based on her opposition to China's family planning policies or her illegal departure from China, *see id.* at 1018; *see also Li v. INS*, 92 F.3d 985, 988 (9th Cir. 1996) ("Criminal prosecution for illegal departure is generally not considered to be persecution.").  Accordingly, Chen's asylum claim fails.

Because Chen did not establish eligibility for asylum, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**