MEMORANDUM ***
The parties are familiar with the facts of the case, so we do not repeat them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.
The Board of Immigration Appeals (“BIA”) treated Rui Sheng Zhu’s testimony as credible but affirmed the finding that he failed to establish past persecution, and — despite his subjective fear of harm— *600 that he had not established an objectively well-founded fear of future persecution. Likewise, the BIA held that he had failed to establish a claim for withholding of removal or protection under the United Nations Convention Against Torture (“CAT”). The petition must be denied if the BIA’s determinations are “supported by reasonable, substantial, and probative evidence on the record considered as a whole.” INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted). We think that standard is met here.
The dissent argues that, but for his family relationship, Zhu would not have been pursued by the Chinese government. Whether or not this is true, the BIA’s finding that Zhu’s family was subject to prosecution, rather than persecution, is supported by substantial evidence. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (stating that prosecution under criminal laws of general applicability is not persecution unless the prosecution, as applied to the petitioner, is especially unconscionable or a mere pretext for persecution on account of a protected ground); Li v. INS, 92 F.3d 985, 987 (9th Cir.1996) (“Education, although undeniably important, is a matter of governmental policy rather than a fundamental right.” (quoting Faddoul v. INS, 37 F.3d 185, 189 (5th Cir.1994))).
Our personal disagreement with a foreign law that imputes a debt to an entire family cannot be sufficient to change prosecution into persecution. Furthermore, we cannot grant asylum to the members of all families who owe money to the Chinese government; owing a debt under the evenhanded application of foreign law is not a protected ground. See 8 U.S.C. §§ 1158(b)(l)(B)(i) and 1231(b)(3)(A); see also Ochoa v. Gonzales, 406 F.3d 1166, 1172 (9th Cir.2005) (persecution as a result of a debt was not on account of a protected ground). Nor can we grant asylum because a person faces prosecution for illegal departure upon their return to their home nation. Li, 92 F.3d at 988.
Zhu has, therefore, failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground, and his application for asylum and withholding of removal must be denied. 8 C.F.R. §§ 1208.13(b) and 1208.16(b). As to protection under CAT, Zhu has failed “to establish that it is more likely than not that he ... would be tortured” if he is returned to China. Id. § 1208.16(c)(2).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.