**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAI YIN HE, | No. 09-71897 |
| Petitioner, | Agency No. A099-666-093 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Cai Yin He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Even if He's testimony was credible, substantial evidence supports the agency's finding that he did not suffer past persecution where he was not physically harmed and was detained for short periods of time. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Substantial evidence also supports the agency's finding that He does not have a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *see also Li v. INS*, 92 F.3d 985, 988 (9th Cir. 1996) (no persecution where the petitioner would face the same punishment as any other returning migrant).

Because He failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because He failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**