**Karen MARGARYAN, Petitioner,**

v.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70125.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Vahan Yepremyan, Law Offices of Yepremyan & Associates, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Karen Margaryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(9th Cir.1997), and we deny the petition for review.

Even assuming Margaryan's testimony was credible, substantial evidence supports the IJ's conclusion that Margaryan did not establish that he was arrested and detained on account of his political opinion, in that he failed to show that his whistleblowing activities targeted corruption at Armenian Airlines that was "inextricably intertwined with governmental operation." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000). Moreover, substantial evidence supports the IJ's conclusion that Margaryan failed to show that his testimony against a private citizen was an expression of his political opinion, or that the low-level military police who demanded that he recant his testimony did so because they imputed a political opinion to him. *See Kozulin v. INS*, 218 F.3d 1112, 1116–17 (9th Cir.2000).

Further, the IJ properly concluded that Margaryan did not establish a well-founded fear of persecution because his fear of the individual he testified against was not on based on an enumerated ground. *See Li v. INS*, 92 F.3d 985, 987–88 (9th Cir. 1996).

Margaryan's due process challenge to streamlining is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–50 (9th Cir.2003).

Because Margaryan does not challenge the IJ's denial of withholding of removal in his opening brief, he waives that issue. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

PETITION FOR REVIEW DENIED.