MEMORANDUM ***
Angela Adamenko petitions for review of the immigration judge’s decision to deny her claims of asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[1] We omit the relevant facts as they are known to the parties.
Initially, Adamenko contends that the IJ erred in making an adverse credibility determination. We reject this claim because the IJ’s determination was limited to Adamenko’s initial statement, appended to her 1-589 asylum application, which she subsequently disavowed as a complete fabrication. Adamenko’s admission that the first statement was false is surely a specific and cogent reason for the IJ’s disbelief. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002). The IJ found credible Adamenko’s second statement and her testimony at the September 19, 2002 hearing, and the IJ determined her eligibility for relief on the basis of those allegations.
Adamenko claims that she is eligible for asylum because she suffered persecution in her native Latvia on account of her Russian ethnicity or her status as a non-citizen. We hold that the evidence of record does not compel a finding that Adamenko was subject to past persecution. Adamenko has proven that she was subject to discrimination in Latvia, but that showing is ordinarily insufficient. Fisher v. INS, 79 F.3d 955, 962 (9th Cir.1996) (en banc); Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995). There is no evidence that Adamenko was subject to any threats, harassment, or physical violence.[2] See Krotova v. Gonzales, 416 F.3d 1080, 1087 (9th Cir.2005); Tchoukhrova v. Gonzales, 404 F.3d 1181, 1192-95 (9th Cir.2005); Baballah v. Ashcroft, 367 F.3d 1067, 1076 (9th Cir.2004). Likewise, the evidence of economic disadvantage under which non-citizens live does not rise to the level we have recognized in prior cases as compelling a finding of persecution. See El Himri v. *890 Ashcroft, 378 F.3d 932, 937 (9th Cir.2004); Baballah, 367 F.3d at 1075-76; Nagoulko v. INS, 333 F.3d 1012, 1016 (9th Cir.2003); Khourassany v. INS, 208 F.3d 1096, 1100-01 (9th Cir.2000). Even considered cumulatively, the evidence does not compel a grant of Adamenko’s petition.
Neither does the record evidence in this case compel the conclusion that Adamenko has a well-founded fear of suffering persecution in the future if returned to Latvia. Adamenko presumably fears the same harms she suffered while previously residing in Latvia. As noted, those harms do not amount to persecution. Neither Adamenko’s expert witness nor her documentation of country conditions provided a specific and non-speculative fear of persecution.[3] See Nagoulko, 333 F.3d at 1016 (citation omitted). Moreover, her immediate family members continue to reside in Latvia without suffering persecution. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001).
Because the evidence does not compel a finding of a well-founded fear of persecution, Adamenko has necessarily failed to satisfy the more stringent standard for mandatory withholding of removal. Ghaly, 58 F.3d at 1428-29; Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000).
With respect to Adamenko’s claim of eligibility for relief under CAT, we think that the claim has been waived. Adamenko fails specifically to argue the issue. See United States v. Viramontes-Alvarado, 149 F.3d 912, 916 n. 2 (9th Cir. 1998). Alternatively, there is no evidence in the record of anything that constitutes torture. See Al-Saher v. INS, 268 F.3d 1143, 1147 (9th Cir.2001) (citing 8 C.F.R. § 208.18(a)(2)).
Finally, we reject Adamenko’s claim that the BIA’s summary affirmance of the IJ’s decision deprived her of due process rights under the Fifth Amendment. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 850 (9th Cir.2003); Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
PETITION DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. The Board of Immigration Appeals adopted the reasoning of the IJ, and thus we review the decision of the IJ directly. Gormley v. Ashcroft, 364 F.3d 1172, 1176 (9th Cir.2004).

. The lone exception in the record is an incident in which a drunken former co-worker of Adamenko’s step-father threatened the family at their home. A single, unfulfilled threat does not compel a finding of past persecution. Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000). Moreover, there is no evidence this individual was a government actor or one whom the government was unwilling or unable to control. See Korablina v. INS, 158 F.3d 1038, 1044 (9th Cir.1998).

. There is, again, one exception: Adamenko’s fear that she may be deported if she returns to find that her non-citizen registration has been cancelled. We are not persuaded that this action would constitute persecution; prosecution for the violation of travel restrictions does not ordinarily qualify. Li v. INS, 92 F.3d 985, 988 (9th Cir.1996); Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992). In any case, the record contains no evidence as to how likely this is, and our speculation cannot compel a finding that Adamenko’s fear is well-founded. Moreover, the country reports rebut such claim. See Li, 92 F.3d at 988.