Muhammad Bilal ADENWALA,
Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 06–75063.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.*

Filed July 20, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reem O. Awad–Rashmawi, Law Offices of Reem O. Awad–Rashmawi, Davis, CA, for Petitioner.

Kathryn L. Moore, Esquire, Trial, Joshua E. Braunstein, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN **, District Judge.

## MEMORANDUM ***

Muhammad Bilal Adenwala, a native of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order (1) denying his motion for an adjustment of status, (2) dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal,[1] and (3) dismissing his appeal challenging the constitutionality of his removal proceedings. Our jurisdiction stems from 8 U.S.C. § 1252, and we dismiss in part and deny in part.

■ First, we lack jurisdiction to review the BIA's discretionary denial of an adjustment of status, and Adenwala does not claim that this denial was a violation of his constitutional rights or an unlawful abuse of discretion. 8 U.S.C. § 1252(a)(2)(B)(i); *Hosseini v. Gonzales,* 471 F.3d 953, 956–57 (9th Cir.2006). Because the BIA denied an adjustment of status under its discretionary powers under 8 U.S.C. § 1255, we dismiss this portion of Adenwala's petition.

Second, Adenwala concedes that he failed to file his petition for asylum within one year of his arrival date in the United States, as required by 8 U.S.C. § 1158(a)(2)(B). Therefore, he must show "either the existence of changed circumstances which materially affect [his] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D). Adenwala claims that his detrimental reliance on incorrect advice he received from an immigration consultant constitutes an extraordinary circumstance. This is a mixed question of law and fact that we review *de novo. See Mathews v. Chevron Corp.,* 362 F.3d 1172, 1180 (9th Cir.2004).

■ Facts alleging ineffective assistance of counsel might evidence extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a)(5)(iii). However, voluntary re-

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

1. Adenwala does not challenge the BIA's denial of relief under the Convention Against Torture.

liance on information from a nonattorney cannot be the basis of an ineffective assistance of counsel claim unless that nonattorney actively deceived the petitioner. *See Albillo–DeLeon v. Gonzales,* 410 F.3d 1090, 1099 (9th Cir.2005) (unlicensed notary public convinced petitioner that he was an attorney); *Lopez v. INS,* 184 F.3d 1097, 1098 (9th Cir.1999) (same). Here, Adenwala hired an immigration consultant who advised him that he would be eligible for a visa and need not petition for asylum. There is no indication either that Adenwala thought the consultant was a lawyer or that the consultant held himself out as an attorney. In fact, Adenwala acknowledges that he understood the consultant was not an attorney and that he was aware he could file a petition regardless of the consultant's advice. The record does not compel the conclusion that Adenwala established extraordinary circumstances to excuse his delay in filing.

■ Third, substantial evidence supports the IJ's conclusion that Adenwala did not suffer past persecution on account of a protected ground. He claims that he was targeted because he was a wealthy and established businessman and because the Mohajir Qaumi Movement needed money for support. He argues this constitutes persecution on account of his political opinion and his membership in a social class.

To establish either past persecution or a threat of future persecution on the basis of political opinion, a petitioner must show that the "persecution [is] on account of the *victim's* political opinion, not the persecutor's." *INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Adenwala has failed to show that his persecutors persecuted him because of his political opinion, even if we assume that he established that his persecutors were members of a political organization. Nor does Adenwala prove that his claimed persecution is due to membership in a particular social group. Persecution on account of wealth, without more, does not constitute persecution on account of membership in a particular social group. *See Li v. INS,* 92 F.3d 985, 987 (9th Cir.1996) (holding that "[p]opulations whose only common characteristic is their low economic status do not form a social group for asylum purposes"). Because Adenwala cannot show persecution due to a protected ground—i.e., his claimed political opinion or membership in a social group—we find that substantial evidence supports the IJ's determination.

■ Finally, Adenwala claims that the National Security Entry/Exit Registration System ("NSEERS") special registration requirements violated his rights to due process and equal protection under the law. We lack jurisdiction to review a claim challenging the Attorney General's decision to institute removal proceedings. *Reno v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 491, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (holding that 8 U.S.C. § 1252(g) procedurally bars review of most selective prosecution claims by illegal aliens). Though there may be the "rare case in which the alleged basis of discrimination is so outrageous that" jurisdiction cannot be stripped, *id.,* Adenwala has failed to establish facts proving such "outrageous" discrimination. Therefore, his due process and equal protection claims are dismissed for lack of jurisdiction.

**PETITION DISMISSED IN PART AND DENIED IN PART.**