**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS JACQUELINE MELGAR RODRIGUEZ, | No. 09-72937 |
| Petitioner, | Agency No. A076-268-221 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

   Jesus Jacqueline Melgar Rodriguez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum and withholding of removal.  We have jurisdiction under 8

--------

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We grant the petition for review and remand.

Substantial evidence supports the BIA's finding that Melgar Rodriguez failed to establish that she would be persecuted by gangs on the basis of either her actual or imputed political opinion. *See Santos-Lemus*, 542 F.3d at 747 (opposition to gang activity does not constitute a political opinion); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009).

We recently held that the BIA could not reject "all women in Guatemala" as a particular social group solely because it was overly broad and internally diverse. *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010) (remanding for further proceedings). Here, the BIA similarly rejected Melgar Rodriguez's social group consisting of women in Guatemala as overly broad and lacking a common, immutable characteristic. In light of our intervening decision in *Perdomo*, we grant Melgar Rodriguez's petition for review with respect to her asylum and

withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

09-72937