NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YENY ARACELY DURON-ARITA, | No. 10-70986 |
| Petitioner, | Agency No. A098-354-086 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Yeny Aracely Duron-Arita, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the BIA's finding that Duron-Arita failed to establish gang members targeted her in Honduras on account of a political opinion or membership in a particular social group.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see also Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (rejecting "government informants" as a particular social group). We reject Duron-Arita's claim that she is eligible for asylum and withholding of removal as a member of a particular social group based on her perceived wealth or family ties to United States citizens.  *See Li v. INS*, 92 F.3d 985, 987 (9th Cir. 1996); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).  Lastly, we reject Duron-Arita's contention the agency applied the wrong legal standard to its nexus determination.  *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (where the BIA conducts a de novo review, any error committed by the IJ is cured

by the BIA's application of the correct standard).  Accordingly, Duron-Arita's asylum and withholding of removal claims fail.

Substantial evidence supports the BIA's denial of Duron-Arita's CAT claim because she failed to demonstrate it is more likely than not she would be tortured if returned to Honduras.  *See Santos-Lemus*, 542 F.3d at 747-48.

Finally, we reject Duron-Arita's contentions that the agency violated due process because the IJ was biased and because of alleged problems with transcription and interpretation.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail in due process claim).

**PETITION FOR REVIEW DENIED.**