**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO LEONEL MAZARIEGOS DIAZ; DONI DANILO MAZARIEGOS DIAZ, | No. 10-70181 |
| Petitioners, | Agency Nos. A070-541-361 A098-814-268 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Julio Leonel Mazariegos Diaz and Doni Danilo Mazariegos Diaz, natives

and citizens of Guatemala, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that petitioners failed to demonstrate they suffered harm rising to the level of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (no past persecution where the petitioner was not physically harmed or detained, and only suffered de minimus property damage and anonymous, vague threats). Substantial evidence also supports the BIA's finding that petitioners failed to establish a well-founded fear of future persecution where they only assert a general fear of crime in Guatemala. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004) (fear of discrimination and random criminal acts did not establish a well-founded fear of future persecution); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (agency properly relied on a State Department report to determine whether the petitioner had a well-founded future fear). Accordingly, petitioners' asylum claim fails.

10-70181

Because petitioners failed to meet the lower burden of proof for asylum, it follows that they have not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the BIA's denial of CAT relief because petitioners failed to establish that it is more likely than not they will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**