NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO SALINAS-MEDINA, AKA Francisco Medina, AKA Francisco Medina Herrera, AKA Abel Salinas, AKA Francisco Salinas,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   18-70951<br><br>Agency No. A200-672-078<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2019[**]
San Francisco, California

Before:  WARDLAW, W. FLETCHER, and LINN,[***] Circuit Judges.

Francisco Salinas Medina, a native and citizen of Mexico, petitions for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

review of a Board of Immigrations Appeals (BIA) decision denying his motion to remand for a competency hearing and affirming the Immigration Judge's (IJ) denial of withholding of removal and Convention Against Torture (CAT) protection. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The BIA acted within its authority, according to its standards, and in conformance with due process when it denied Salinas's motion to remand. Salinas's motion is best viewed as a motion to reopen because it seeks further competency proceedings based on new evidence that Salinas was diagnosed with unspecified psychosis or psychotic disorder. *Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992); 8 C.F.R. § 1003.2(c)(1), (4). The BIA did not abuse its discretion in concluding in the first instance that reopening proceedings was unnecessary. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1119 (9th Cir. 2019) ("[T]he BIA [can] exercis[e] its discretion in the first instance."); 8 C.F.R. § 1003.2(c)(1) (standard to reopen). The BIA reasonably concluded that Salinas's new evidence did not indicate that he was incompetent, given that he was represented by counsel and able to participate in the proceedings without any apparent difficulty. *Salgado v. Sessions*, 889 F.3d 982, 987–89 (9th Cir. 2018); *Matter of M-A-M*, 25 I. & N. Dec. 474, 477 (BIA 2011).

2. Substantial evidence supports the BIA's determination that Salinas failed to establish the requisite nexus between the alleged persecution and a protected

2

ground.  *See* 8 U.S.C. § 1231(b)(3); *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).  Salinas waived his argument that the IJ never considered whether he reasonably feared retribution by the La Familia cartel.  *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).  The record demonstrates that Salinas fears the Tijuana Cartel will retaliate against him because he refused to pay them $25,000 for a backpack that he lost when trying to cross the border, not on account of his family membership or an imputed anti-cartel political opinion.  *See Li v. INS*, 92 F.3d 985, 987 (9th Cir. 1996); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743, 746–47 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013); *Matter of L-E-A*, 27 I. & N. Dec. 40, 45 (BIA 2017), *overruled on other grounds in* 27 I. & N. Dec. 581 (BIA 2019).

3.  Substantial evidence supports the BIA's determination that Salinas is ineligible for CAT protection because he failed to establish a clear probability of torture.  8 C.F.R. § 1208.16(c).  Salinas's evidence of generalized violence perpetrated by cartels is insufficient to obtain CAT protection, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 895 (9th Cir. 2018), especially when he was never harmed while in Mexico and his family continues to live in Mexico without harm, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019).

**PETITION DENIED**